**LARKINS VACURA KAYSER LLP**
Christopher J. Kayser (OSB No. 984244)
121 SW Morrison St. Suite #700
Portland, OR 97204
Tel: (503) 222-4424
Fax: (503) 827-7600
Email: cjkayser@lvklaw.com

*Liaison Counsel for Movant*
 *and Proposed Liaison for Counsel the Class*

**LEVI & KORSINSKY, LLP**
Shannon L. Hopkins (to be admitted *pro hac vice*)
1111 Summer Street, Suite 403
Stamford, CT 06905
Tel: (203) 992-4523
Fax: (212) 363-7171

*Counsel for Movant and*
 *Proposed Lead Counsel for the Class*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CHERRY FU, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> WANDA SPORTS GROUP COMPANY LIMITED, HENGMING YANG, HONGHUI LIAO, LEN ZHANG, PHILIPPE BLATTER, ANDREW MESSICK, DONGWEI YANG, EDWIN FUNG, MORGAN STANLEY & CO. LLC, DEUTSCHE BANK SECURITIES INC., CITIGROUP GLOBAL MARKETS INC., HAITONG INTERNATIONAL SECURITIES COMPANY LIMITED, CHINA INTERNATIONAL CAP ITAL | No. 3:19-cv-01852-MWM <br><br> <u>CLASS ACTION</u> <br><br> ALEXANDER MIHAJLOVIC'S MEMORANDUM OF LAW IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTION <br><br> **ORAL ARGUMENT REQUESTED** |

Page 1  –    ALEXANDER MIHAJLOVIC'S MEMORANDUM
               OF LAW IN OPPOSITION TO COMPETING LEAD
               PLAINTIFF MOTION

CORPORATION HONG KONG
SECURITIES LIMITED, CLSA LIMITED,
AND TIGER BROKERS 0VZ) LIMITED,

Defendants.

Alexander Mihajlovic ("Mr. Mihajlovic") respectfully submits this memorandum of law in opposition to the competing motion for lead plaintiff filed in the above-captioned securities class action lawsuit (the "Action") against Wanda Sports Group Company Limited ("Wanda" or the "Company"), Hengming Yang, Honghui Liao, Len Zhang, Philippe Blatter, Andrew Messick, Dongwei Yang, Edwin Fung, Morgan Stanley & Co. LLC, Deutsche Bank Securities Inc., Citigroup Global Markets Inc., Haitong International Securities Company Limited, China International Cap Ital Corporation Hong Kong Securities Limited, CLSA Limited, and Tiger Brokers 0VZ) Limited.

## I.    INTRODUCTION

Presently pending before this Court are two competing motions seeking appointment as lead plaintiff, and approval of selection of counsel. On January 17, 2020, motions for appointment as lead plaintiff were filed by: (1) Mr. Mihajlovic (Dkt. No. 7); and (2) Cherry Fu, Dai Xiaofeng and Ahmed Naiem (the "WSG Group") (Dkt. No. 5).

Mr. Mihajlovic, with losses of $11,100, undeniably has both the largest individual financial interest, and overall largest financial interest, of all movants before the Court. Moreover, Mr. Mihajlovic satisfies the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and the PSLRA by virtue of having suffered losses in the same way as the members of the Class, having no conflicts of interest with class members, and having retained experienced and competent counsel to litigate the Action. Finally, no indicia—let alone proof—of inadequacy exists to rebut the strong presumption in favor of appointing Mr. Mihajlovic.

LARKINS VACURA KAYSER LLP
121 SW Morrison St., Suite 700
Portland, Oregon 97204
(503) 222-4424

Not only is Mr. Mihajlovic the presumptive lead plaintiff because he suffered the largest loss and meets the requirements of Rule 23, the only other movant, the WSG Group, consisting of three unrelated investors, is an impermissible group, showing no evidence of cohesiveness, and "with no decision making structure and no connection other than counsel." *Isaacs v. Musk*, No. 18-cv-04865-EMC, 2018 U.S. Dist. LEXIS 200717, at *13-*14 (N.D. Cal. Nov. 27, 2018)[1] (denying motion by artificial grouping of individuals). As explained further *infra*, Mr. Mihajlovic should be appointed as lead plaintiff, and his choice of Levi & Korsinsky appointed as lead counsel should be approved.

## II.    ARGUMENT

In interpreting the PSLRA, the Ninth Circuit formulated a clear process for selecting a lead plaintiff. *Pivotal Software,* 2019 U.S. Dist. LEXIS 195360, at *12-13 (N.D. Cal. Nov. 8, 2019) (citing *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002)); *See also In re Stitch Fix, Inc. Sec. Litig.,* 393 F. Supp. 3d 833 (N.D. Cal. 2019); *Abrams v. Intuitive Surgical, Inc.,* No. 5:13-CV-01920-EJD, 2013 U.S. Dist. LEXIS 165873, at *5 (N.D. Cal. Nov. 18, 2013). "[T]he court must compare the financial stakes of the various plaintiffs, determine which has the most to gain from the lawsuit, and determine whether that plaintiff satisfies Rule 23, particularly its typicality and adequacy requirements." *Id*. (citing *In re Cavanaugh*, 306 F.3d at 730). The movant with the largest financial interest and satisfies Rule 23, is then the "presumptive lead plaintiff". See 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); *In re Cavanaugh,* 306 F.3d at 730.

### A. Mr. Mihajlovic Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA does not explain how to calculate the greatest financial interest in the relief sought by the class. Courts in the Ninth Circuit and throughout the country often look to the *Olsten/Lax* factors for guidance, which include: (1) the number of shares purchased during the

---

[1] Unless noted otherwise, all internal quotations and citations are omitted, and all emphasis is added.

class period; (2) the number of net shares purchased during the class period (i.e. retained through the end of the class period); (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *Robb v. Fitbit Inc.,* No. 16-cv-00151-SI, 2016 U.S. Dist. LEXIS 62457, at *8 (N.D. Cal. May 10, 2016). Most courts have found that the fourth factor, approximate loss suffered, is the most important factor and affords it the greatest weight in determining which movant has the largest financial interest. *Id.* (noting that "the last of these factors typically carries the most weight"); *see also In re Aqua Metals Sec. Litig.,* No. 17-cv-07142-HSG, 2018 U.S. Dist. LEXIS 86889, at *7 (N.D. Cal. May 23, 2018) (equating losses with greatest financial interest).

As demonstrated in the following table, Mr. Mihajlovic has the largest financial interest in the relief sought by the Class, both individually, and overall:

| Movant | Claimed Loss |
|---|---|
| 1. Alexander Mihajlovic | **$ 11,100.00** |
| 2. WSG Investor Group | **$ 5,807.00** |
|   - Cherry Fu | $ 2,475.00 |
|   - Dai Xiaofeng | $ 2,249.00 |
|   - Ahmed Naiem | $ 1,083.00 |

As demonstrated in the chart above, Mr. Mihajlovic has the largest financial interest out of all movants, even when combined, and therefore, should be appointed lead plaintiff.

**B. Mr. Mihajlovic Satisfies Rule 23**

Pursuant to the PSLRA, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc). Of the four prerequisites, only two—typicality and adequacy—are relevant inquiries on a motion for lead plaintiff, as they address the personal characteristic of the class representative. See *Ali v. Intel*

*Corp.*, No. 18-cv-00507-YGR, 2018 U.S. Dist. LEXIS 89401, at *5 (N.D. Cal. May 29, 2018). (focusing on typicality and adequacy). Here, Mr. Mihajlovic satisfies both requirements, triggering the statutory presumption of lead plaintiff in his favor. As evidenced in his opening papers, Mr. Mihajlovic purchased Wanda ADSs in the same manner as all other class members and holds no interest adverse to the rest of the class. *See* Dkt. No. 7 at *8-9.

When considering the lead plaintiff appointment process laid out in *Cavanaugh,* competing movants may attempt to rebut the presumptive lead plaintiff's showing of typicality and adequacy only with actual proof that the presumptive lead plaintiff cannot effectively represent the class or is subject to a unique defense. *In re Cavanaugh*, 306 F.3d at 740-41 ("the presumption of most adequate plaintiff may be overcome only upon proof that the presumptively most adequate plaintiff 'will not fairly and adequately protect the interests of the class'").

Accordingly, no such proof exists to rebut the presumption in favor of Mr. Mihajlovic, nor is he subject to a unique defense that would otherwise detract attention from the allegations of the Action.

### C. The WSG Group is Not Adequate Under Rule 23 Because It Has Not Evidenced Its Cohesiveness as An Unrelated Investor Group

In determining whether to appoint a group as lead plaintiff, as opposed to an single investor, courts should consider one additional factor: "If the court determines that the way in which a group seeking to become lead plaintiff was formed or the manner in which it is constituted would preclude it from fulfilling the tasks assigned to a lead plaintiff, the court should disqualify that movant on the grounds that it will not fairly and adequately represent the interests of the class." *In re Cendant Corp. Litig.,* 264 F.3d 201, 266 (3d Cir. 2001).

Here, the WSG Group consists of three unrelated investors that were brought together by counsel for the purpose of satisfying the PSLRA's largest financial interest requirement, a requirement the grouping did not even achieve. Although Courts have previously allowed grouping of investors, Courts also require groups to "'provide appropriate information about its members,

Page 5 – ALEXANDER MIHAJLOVIC'S MEMORANDUM OF LAW IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTION

structure, and intended functioning. Such information should include descriptions of its members, including any pre-existing relationships among them; an explanation of how it was formed and how its members would function collectively; and a description of the mechanism that its members and the proposed lead counsel have established to communicate with one another about the litigation.'" *In re Network Assocs., Inc. Sec. Litig.,* 76 F. Supp. 2d 1017, 1026 (N.D. Cal. 1999). The WSG has failed to provide any of that information whatsoever. Accordingly, the WSG Group has failed to make the required *prima facie* showing of adequacy under Rule 23, and therefore cannot be appointed lead plaintiff.

### D. Appointing Mr. Mihajlovic's Selection of Counsel is Appropriate

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 77z-1(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa); *Sanders v. VeriFone Sys.,* No. 5:13-CV-01038-EJD, 2013 U.S. Dist. LEXIS 145000, at \*11 (N.D. Cal. Oct. 7, 2013) ("'The district court does not select class counsel at all', and typically approves the lead plaintiff's selection of counsel") (citing *In re Cavanaugh,* 306 F.3d at 732-34).

Mr. Mihajlovic selected and retained Levi & Korsinsky to serve as Lead Counsel for the Class. As Levi & Korsinsky has extensive experience in litigating securities class actions, his choice of lead counsel should be approved. *See* Dkt. No. 8-4.

## III.    CONCLUSION

Based on the foregoing, Mr. Mihajlovic respectfully requests that the Court grant his motion: (1) appointing him as Lead Plaintiff; (2) approving Levi & Korsinsky as Lead Counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper.

DATED:  January 31, 2020.

Respectfully submitted,

*/s/ Christopher J. Kayser*
CHRISTOPHER J. KAYSER
**LARKINS VACURA KAYSER LLP**
Christopher J. Kayser (OSB #984244)
121 SW Morrison St. Suite #700
Portland, OR 97204
Tel: (503) 222-4424
Fax: (503) 827-7600
Email: cjkayser@lvklaw.com

*Liaison Counsel for Mr. Mihajlovic and Proposed Liaison Counsel for the Class*

**LEVI & KORSINSKY, LLP**
Shannon L. Hopkins
1111 Summer Street, Suite 403
Stamford, CT 06905
Tel: (203) 992-4523
Fax: (212) 363-7171
Email: shopkins@zlk.com

*Counsel for Mr. Mihajlovic and Proposed Lead Counsel for the Class*